# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **AUBIN SCOTLAND,** | ) |
| | ) |
| **Plaintiff,** | )   Civil Action No. 2018-0007 |
| | ) |
| v. | ) |
| | ) |
| **KMART CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**Appearances:**
**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
    *For Aubin Scotland*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff Aubin Scotland's ("Plaintiff Scotland") "Notice Pursuant to Court's December 18, 2023 Order" ("Notice") (Dkt. No. 34). Magistrate Judge Emile A. Henderson III previously permitted Defendant Kmart Corporation ("Kmart") to withdraw from the case and ordered Plaintiff Scotland to file a notice "informing the Court how or if he plans to proceed in this action." (Dkt. No. 33 at 3).

Kmart moved to withdraw in the instant case due to the Bankruptcy Court for the Southern District of New York's confirmation of the Modified Second Amended Joint Chapter 11 Plan of Sears Holding Corporation and its Debtor Affiliates, of which Defendant Kmart was included as one of the debtors. *Id.* The Plan provided that "the exclusive remedy for holders of general unsecured claims"—such as those of Plaintiff Scotland—is "receipt of pro rata shares of the assets distributed to creditors by each relevant debtor under the share." *Id.* Because it was "not anticipated that any recovery will be available for distribution on account of any general unsecured claims," the Liquidating Trustee requested that attorneys withdraw from actions such as this one.

*Id.* Accordingly, Judge Henderson granted Kmart's "Motion to Withdraw" (Dkt. No. 30) and ordered that "Plaintiff Aubin Scotland shall file a notice informing the Court how or if he plans to proceed in this action." *Id.* at 3. The instant Notice is such notice. (Dkt. No. 34).

Plaintiff Scotland states that "he is amenable to this matter being dismissed, without prejudice," and "[t]he basis for that decision is that it appears that Plaintiff is unlikely to receive any compensation for his damages in this matter but through a distribution through the bankruptcy court, which distribution to him, a general unsecured creditor, also appears unlikely." (Dkt. No 34 at 1). The Court construes this statement as a notice of dismissal because the Plaintiff's intent to no longer pursue the case is clear. *See Redman v. United States*, 2023 WL 8519210 at *2 (3d Cir. Dec. 8, 2023), *cert. denied*, 144 S. Ct. 2586 (2024), *reh'g denied*, 145 S. Ct. 366 (2024) ("When she filed the Notice a week later plainly indicating that she did not intend to continue with the matter, the District Court properly deemed it a voluntary dismissal."); *see also Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1276 (11th Cir. 2012) (in determining whether party intended to voluntarily dismiss an action, "the best indication of [a party's] intent is the document itself").

Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, a plaintiff may dismiss an action "without a court order" by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." The effect of such a notice is "automatic: the defendant does not file a response, and no order of the district court is needed to end the action." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008). Such a dismissal is also "immediate." *Id.* Because no answer or motion for summary judgment was filed in the instant action, the effect of Plaintiff Scotland's Notice was "automatic" and "immediate" upon its filing, and served to dismiss the instant case.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Plaintiff Aubin Scotland's "Notice Pursuant to Court's December 18, 2023 Order" (Dkt. No. 34) serves to **DISMISS WITHOUT PREJUDICE** the instant action, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i); and it is further

**ORDERED** that Defendant Kmart Corporation's "Motion to Dismiss Plaintiff's Complaint []" (Dkt. No. 2) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

**SO ORDERED**.

Date: February 15, 2026                                          _____/s/_____
                                                                 WILMA A. LEWIS
                                                                 Senior District Judge